**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

TAMIKA R. MONTGOMERY-REEVES
VICE CHANCELLOR

Leonard L. Williams Justice Center
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted: October 14, 2016
Date Decided: November 18, 2016

Thad J. Bracegirdle, Esquire
Andrea S. Brooks, Esquire
Wilks, Lukoff & Bracegirdle LLC
1300 N. Grant Avenue, Suite 100
Wilmington, DE 19806

Jeffrey L. Moyer, Esquire
Travis S. Hunter, Esquire
Arun J. Mohan, Esquire
Richards Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801

RE:    *inTEAM Associates, LLC v. Heartland Payment Systems, Inc.*
       Civil Action No. 11523-VCMR

Dear Counsel:

This Letter Opinion addresses both parties' motions for reargument. For the reasons stated herein, both motions are denied.

## I.    BACKGROUND[1]

On September 30, 2016, this Court issued its Memorandum Opinion (the "Opinion")[2] enforcing plaintiff inTEAM's ("Plaintiff") and defendant Heartland's ("Defendant") non-competition agreement, as well as enforcing counterclaim

---

[1]    Terms not otherwise defined have the same meaning as in the Opinion.

[2]    *inTEAM Associates, LLC v. Heartland Payment Systems, Inc.*, 2016 WL 5660282 (Del. Ch. Sept. 30, 2016).

plaintiff Heartland's and counterclaim defendant Goodman's non-solicitation agreement. On October 7, 2016, Plaintiff filed its motion for reargument ("Plaintiff's Motion"). On October 10, 2016, Defendant filed its motion for reargument ("Defendant's Motion"). On October 14, 2016, both Plaintiff and Defendant filed their oppositions to the motions.

## II.     ANALYSIS

In order for the Court to grant a motion for reargument, the moving party must establish either that the court has overlooked a controlling decision or principle of law, or that the court has misapprehended the facts or the law.[3] In order for the movant to succeed in reargument, the misapprehension of fact or law must be material and affect the outcome of the case.[4] Additionally, "[r]eargument under Court of Chancery Rule 59(f) is only available to re-examine the existing record; therefore, new evidence generally will not be considered on a Rule 59(f) motion."[5] The motion must be denied if a party is merely restating its prior

---

[3]     *See, e.g., Medek v. Medek*, 2009 WL 2225994, at \*1 (Del. Ch. July 27, 2009); *Reserves Dev. LLC v. Severn Sav. Bank, FSB*, 2007 WL 4644708, at \*1 (Del. Ch. Dec. 31, 2007); *Nevins v. Bryan*, 2006 WL 205064, at \*2 (Del. Ch. Jan. 20, 2006).

[4]     *See, e.g., Aizupitis v. Atkins*, 2010 WL 318264, at \*1 (Del. Ch. Jan. 27, 2010); *Medek*, 2009 WL 2225994, at \*1; *Serv. Corp. of Westover Hills v. Guzzetta*, 2008 WL 5459249, at \*1 (Del. Ch. Dec. 22, 2008).

[5]     *Reserves Dev. LLC*, 2007 WL 4644708, at \*1; *Nevins*, 2006 WL 205064, at \*3.

arguments.[6]

### A.     Plaintiff's Motion For Reargument

Plaintiff argues that the Court should reconsider its decision not to shift inTEAM's fees to Heartland.  In the Opinion, the Court held that, although fee-shifting is permitted under Section 6.5 of the Co-Marketing Agreement, Section 11.2 limits the liability of either party to the total amount of fees paid by the other party under the Co-Marketing Agreement.[7]  The exception, under Section 11.3, states that the limitation does not apply if the damages are caused by the "willful misconduct" of the other party.[8]  inTEAM admitted it had not paid any fees under the agreement, and the Court found that inTEAM failed to prove willful misconduct on the part of Heartland.

In its motion, inTEAM states it "argued consistently that Section 11.2 of the CMA does not limit [Heartland]'s liability because [Heartland]'s breaches of the CMA resulted from willful misconduct."[9]  First, inTEAM presented this argument

---

[6]     *Guzzetta*, 2008 WL 5459249, at *1; *Reserves Dev. LLC*, 2007 WL 4644708, at *1; *Nevins*, 2006 WL 205064, at *3.

[7]     *inTEAM*, 2016 WL 5660282, at *27.

[8]     Co-Marketing Agreement § 11.3.

[9]     Pl.'s Mot. for Reargument 4.

in support of its claim for damages, not fee-shifting.[10] In that argument, inTEAM stated that "the record proves that [Heartland] intentionally and maliciously refused to honor its obligations."[11] inTEAM pointed to no specific facts or evidence in the record to support its conclusory statement. Second, inTEAM identifies no fact or law that the Court misapprehended. Instead, inTEAM points to evidence of the partnership between Heartland and Colyar as proof of Heartland's willful misconduct, as well as an e-mail discussing a product, Nutrikids, that is not subject to the Co-Marketing Agreement and, therefore, not relevant to the issue of damages for breach of the Co-Marketing Agreement. The Court considered all evidence presented at trial and determined that inTEAM did not meet its burden of proving willful misconduct in Heartland's breach of the Co-Marketing Agreement. As inTEAM's motion only discusses evidence the Court already examined and found did not show willful misconduct, inTEAM's motion for reargument is denied.

## B. Defendant's Motion For Reargument

Heartland's motion presents two grounds for reargument: (1) the Court incorrectly calculated the time period of the injunction against Goodman by not

---

[10]    Pl.'s Opening Post-Trial Br. 69-71.

[11]    *Id.*at 69; *see also* Pl.'s Opening Pre-Trial Br. 46-47.

incorporating Section 11(f) of the Consulting Agreement; and (2) the Court incorrectly calculated the length of the injunction against Heartland by beginning the calculation on the date a Colyar executive contacted Heartland.

In regards to the injunction against Goodman, Heartland points the Court to a tolling provision in the Consulting Agreement, which states the time periods discussed in the non-solicitation provision "shall not include any period(s) of violation or period(s) of time required for litigation to enforce the covenants set forth herein."[12] Heartland did not mention this provision or make this argument at any time prior to the motion for reargument.[13] A party may not present a new argument for the first time in a motion for reargument.[14] Thus, the argument is waived, and the motion for reargument is denied.

In regards to the injunction against Heartland, Heartland argues that one e-mail from a Colyar executive should not trigger the beginning of Heartland's breach of the Co-Marketing Agreement based on the Court's analysis of

---

[12]    JX-22 § 11(f).

[13]    *See* Def.'s Pre-Trial Opening Br. 52-53; Def.'s Post-Trial Opening Br. 49-51.

[14]    *Oliver v. Boston Univ.*, 2006 WL 4782232, at *1 (Del. Ch. Dec. 8, 2006) ("'[N]ew arguments that have not previously been raised cannot be considered for reargument.'" (quoting *Lane v. Cancer Treatment Ctrs. of Am., Inc.*, 2000 WL 364208, at *1 (Del. Ch. Mar. 16, 2000))); *see also Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 975581, at *1 (Del. Ch. Mar. 4, 2010).

inTEAM's alleged breach of the Co-Marketing Agreement. Specifically, the Court held that one e-mail stating inTEAM was "looking at adding a POS feature" to its software was not enough to prove by a preponderance of the evidence that inTEAM had begun a "running start" on the point-of-sale software.[15] Heartland argues the Court nevertheless used one e-mail to find inTEAM met its burden to prove a breach on Heartland's side. In determining whether Heartland breached the Co-Marketing Agreement, however, the Court did not rely on one e-mail alone; rather there was systemic behavior that led the Court to its conclusion.[16] The e-mail served as an element, among others, to inform the Court of when this breach began, not whether it occurred.[17] Heartland's argument does not point to any misapprehension of law or facts. The Court reviewed the entire trial record and used its "broad flexibility and discretion" in determining the length of the injunction.[18] Therefore, Heartland's motion for reargument is denied.

---

[15]      *inTEAM*, 2016 WL 5660282, at *25.

[16]      *Id.* at *17-18.

[17]      *Id.* at *17-18, *27.

[18]      *Id.* at *26.

## III.   CONCLUSION

For the aforementioned reasons, inTEAM's motion for reargument is DENIED, and Heartland's motion for reargument is DENIED.

**IT IS SO ORDERED.**

Sincerely,

*/s/Tamika Montgomery-Reeves*

Vice Chancellor

TMR/jp